Filed 8/25/23  P. v. Nichols CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B326893 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA007472) |
| v. | |
| JOSEPH NICHOLS, III, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

Joseph Nichols, in pro. per., for Defendant and Appellant.

Richard B. Lennon, under appointment by the Court of Appeal, for Plaintiff and Respondent.

————————————

Joseph Nichols, III, appeals the superior court's order granting in part and denying in part his petition for resentencing pursuant to Penal Code section 1172.75 (former section 1171.1).[1] No arguable issues have been identified following review of the record by Nichols's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Nichols in his supplemental brief. We affirm.

## PROCEDURAL BACKGROUND

A jury in 1993 convicted Nichols of kidnapping to commit robbery (§ 209, subd. (b)), robbery (§ 211), dissuading a witness by force or violence (§ 136.1, subd. (c)(1)) and evading a police officer (Veh. Code, § 2800.2) and found true firearm-use enhancement allegations (§ 12022.5, subd. (a)). Nichols admitted suffering a prior serious felony conviction within the meaning of sections 667, subdivision (a), and having served a prior prison term within the meaning of section 667.5, subdivision (b).

Nichols was originally sentenced to an aggregate determinate state prison term of 18 years eight months with a consecutive indeterminate term of life: A life term for aggravated kidnapping plus the middle term of four years for the firearm-use enhancement; a consecutive upper term of four years for dissuading a witness by force or violence plus four years for the firearm-use enhancement; and a consecutive term of eight months (one-third the middle term of two years) for evading a police officer; plus five years for the prior serious felony conviction and one year for the prior prison term enhancement. The court imposed and stayed pursuant to section 654 the upper

---

[1]     Undesignated statutory references are to this code.

term of five years for robbery plus four years for the firearm-use enhancement.

We affirmed Nichols's convictions on appeal (*People v. Nichols* (1994) 29 Cal.App.4th 1651), but modified his sentence to stay the firearm-use enhancement on the count for dissuading a witness, agreeing with Nichols the trial court erred in imposing two section 12022.5 enhancements (*Nichols*, at p. 1658), and to strike the one-year enhancement under section 667.5, subdivision (b), agreeing with Nichols's additional contention the court erred in imposing both a section 667, subdivision (a), and a section 667.5, subdivision (b), enhancement for Nichols's single prior conviction for voluntary manslaughter. (*Nichols*, at p. 1659.)

On October 11, 2022 Nichols filed a petition for resentencing pursuant to former section 1171.1 (renumbered section 1172.75 effective June 30, 2022), seeking resentencing pursuant to ameliorative legislation that eliminated the section 667.5, subdivision (b), prior prison term enhancement for most prior offenses including Nichols's prior manslaughter conviction, and made the enhancement for a prior serious felony discretionary rather than mandatory. The superior court initially denied the petition as premature but on November 1, 2022 granted the petition in part, striking the one-year prior prison term enhancement (apparently not recognizing that this court had already done so in 1994). In addition, the court reaffirmed imposition of the upper-term sentences for robbery (stayed) and dissuading a witness by force or violence, noting Nichols's prior convictions or sustained petitions in delinquency proceedings

3

were numerous and of increasing seriousness.[2]  The court declined to modify any other aspect of Nichols's sentence.[3]

## DISCUSSION

We appointed counsel to represent Nichols on appeal from the denial of his postjudgment petition.  After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court.  Appointed counsel advised Nichols on July 20, 2023 that he was filing a brief stating he was unable to find arguable issues and that Nichols could personally submit any contentions he believed the court should consider.

On July 31, 2023 Nichols submitted a 41-page, single-spaced handwritten supplemental brief with hundreds of pages of exhibits in which he raised a plethora of challenges to the validity of his original judgment of conviction and sentence; the competency and adequacy of representation provided by his trial counsel, appellate counsel and appointed counsel at the

---

[2]  The superior court's identification of aggravating factors to support imposition of the upper-term sentences for dissuading a witness and robbery was unnecessary.  Section 1172.75, subdivision (d)(4), excepts cases in which "the court originally imposed the upper term" from the requirement that, when resentencing the petitioner, the court "may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

[3]  The court subsequently denied Nichols's November 21, 2022 request to amend his October 11, 2022 petition, finding the request untimely because the court had already ruled on the petition.

resentencing proceedings; the fairness (bias) of the judges hearing his case; and the propriety of various decisions by the California Department of Corrections and Rehabilitation and the Board of Parole Hearings. Except as discussed in the following paragraph, none of these issues is properly before us in this appeal of the partial denial of Nichols's petition for resentencing under section 1172.75, but must be presented with appropriate supporting material in a petition for writ of habeas corpus—a procedure Nichols has utilized on numerous occasions since this court affirmed his convictions in 1994.

At the November 1, 2022 resentencing hearing Judge David Walgren disclosed on the record that his spouse was employed as a Los Angeles County deputy district attorney. Nichols contends, because of that relationship, it was a violation of canon 3E of the California Code of Judicial Ethics for Judge Walgren to preside at the hearing and the order denying his petition in part must be reversed. Nichols is mistaken. The disclosure was proper under canon 3E(2)(a). No objection or request for recusal was made by Nichols's counsel. Under these circumstances, Judge Walgren's continued participation in the case was required by Code of Civil Procedure section 170. (See Rothman, et al., California Judicial Conduct Handbook (4th ed. 2017) § 7.45, p. 461 ["[w]here a family member, as described in this rule, is employed in a governmental law office and is not in the private practice of law, the Legislature has made it clear that mere association in the government law office appearing before the judge is not a basis for disqualification, and it would be incorrect for a judge to do so absent some other factor"].)

Because no cognizable legal issues have been raised by Nichols's appellate counsel or by Nichols or identified in our

independent review of the record, the order denying his petition for resentencing is affirmed.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

6